1
2
3
4
5
6

Hon. Lauren King

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9
10
11
12
13
14
15
16

ESTATE OF WILLIAM ABBE, deceased, and KARA BRANDON, as personal representative for the ESTATE OF WILLIAM ABBE;

        Plaintiff,

    vs.

CITY OF VANCOUVER; JAY ALIE, individually and as an employee of Vancouver Police Department, SEAN SUAREZ, individually and as an employee of Vancouver Police Department, SAMMY ABDALA, individually and as an employee of Vancouver Police Department,

        Defendants.

No. 3:21-cv-5790-LK

DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S COMPLAINT

**JURY DEMAND**

17
18
19
20
21
22
23
24
25

    Defendants City of Vancouver, Jay Alie, Sean Suarez, and Sammy Abdala hereby amend their previously filed answer (Dkt. 14) and respond to the allegations contained in Plaintiff's Complaint (Dkt. 1) as follows. In response to the headings "I. INTRODUCTION," "II. PARTIES," "III. JURISDICTION AND VENUE," "IV. FACTUAL ALLEGATIONS," "V. FIRST CAUSE OF ACTION / EXCESSIVE FORCE (4th Amendment and 42 U.S.C. § 1983, *et seq.* (ALIE) (SUAREZ) (ABDALA)," "VI. SECOND CAUSE OF ACTION / DUE PROCESS-EXCESSIVE FORCE (14th Amendment and 42 U.S.C. § 1983, *et seq.* (ALIE) (SUAREZ) (ABDALA)," "VII. THIRD CAUSE OF ACTION / MONELL CLAIM / RATIFICATION (42 U.S.C. § 1983 *et seq.*) (CITY OF VANCOUVER)," "VIII. FOURTH CAUSE OF ACTION /

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 1
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

MONELL CLAIM / POLICY OR PRACTICE (42 U.S.C. § 1983 *et seq.*) (CITY OF VANCOUVER)," "IX. FIFTH CAUSE OF ACTION / NEGLIGENCE (State Law) (ALIE) (SUAREZ) (ABDALA) (CITY)," "X. SIXTH CAUSE OF ACTION / ASSAULT AND BATTERY (ALIE) (SUAREZ) (ABDALA) (CITY)," "XI. SEVENTH CAUSE OF ACTION / WRONGFUL DEATH (State Law RCW 4.20.010-.020) (ALIE) (SUAREZ) (ABDALA) (CITY)," "XII. INDEMNIFICATION," "XIII. RESPONDEAT SUPERIOR," "XIV. DAMAGES AND PRAYER FOR RELIEF," and "XV. JURY DEMAND," to the extent a response is required and to the extent they allege that Plaintiff's Complaint has any legal or factual merit, Defendants deny the same. Unless otherwise specified herein, the paragraph numbers contained in this pleading correspond to the paragraph numbers contained in Plaintiff's Complaint.

Paragraphs 1.1 through 1.3 do not make any factual allegations, but rather seek to characterize Plaintiff's complaint solely to sensationalize the allegations against Defendants. To the extent Paragraphs 1.1 through 1.3 allege that Plaintiff's Complaint has any legal or factual merit, Defendants deny the same.

2.1     Admitted that Defendant City of Vancouver is a municipal corporation located in and organized under the laws of the State of Washington. To the extent Paragraph 2.1 alleges anything further or anything different, Defendants deny the same.

2.2     Admitted that Defendant Alie was employed by the City of Vancouver on April 28, 2020, and was acting within the course and scope of his employment that day. To the extent Paragraph 2.2 alleges anything further or anything different, Defendants deny the same.

2.3     Admitted that Defendant Suarez was employed by the City of Vancouver on April 28, 2020, and was acting within the course and scope of his employment that day. To the extent Paragraph 2.3 alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 2
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

2.4     Admitted that Defendant Abdala was employed by the City of Vancouver on April 28, 2020, and was acting within the course and scope of his employment that day. To the extent Paragraph 2.4 alleges anything further or anything different, Defendants deny the same.

2.5     Admitted that William Abbe was 50 years old at the time of his death on April 28, 2020. To the extent Paragraph 2.5 alleges anything further or anything different, Defendants deny the same.

2.6     Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

In answer to Paragraphs 3.1-3.7, Defendants admit subject matter jurisdiction exists in this Court, admit that this Court has personal jurisdiction over them, and admit that venue is proper in this Court. To the extent these paragraphs allege anything further or anything different, Defendants deny the same.

4.1.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.2.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.3.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.4.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.5.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.6.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 3
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.7.    Admitted William Abbe was in the City of Vancouver on April 28, 2020. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.8.    Admitted.

4.9.    Denied.

4.10.    Admitted there was no precipitation on April 28, 2020, in Vancouver, Washington. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.11.    Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.12.    If the word "altercation" in this paragraph means beating Steven Moffa over the head with a sharpened metal pipe to the point that Moffa was rendered unconscious, admitted. If this paragraph is intended to suggest that Abbe did not in fact beat Moffa over the head or that the "altercation" was anything less than what is described herein, denied.

4.13.    Admitted.

4.14.    Admitted.

4.15.    Admitted.

4.16.    Admitted that six vehicles were parked either along Stapleton Ave or in the parking lot where the incident occurred. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.17.    Admitted.

4.18.    If the term "agent" is meant to allege that Sgt. Alie, Ofc. Suarez, and Ofc. Abdala were acting within the course and scope of employment at all times relevant to this matter, admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 4
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.19.   Admitted.

4.20.   Admitted.

4.21.   Denied.

4.22.   To the extent this paragraph is meant to suggest that William Abbe did not cause any physical injury as a result of his actions or that his actions were not intended to cause any physical injury of VPD officers or others, denied. Otherwise, admitted.

4.23.   Admitted that the aggregate number of rounds fired by Sgt. Alie, Ofc. Suarez, and Ofc. Abdala totaled five. Denied that each officer fired five rounds. Denied that all five rounds hit William Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.24.   Admitted that "[t]here were several other VPD officers present and interacting with Mr. Abbe." To the extent "weapons" is meant to include only firearms that fire bullets, admitted. Otherwise, denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.25.   To the extent this paragraph is meant to suggest that William Abbe did not intend to cause any physical injury of VPD officers or others, denied. Otherwise, admitted.

4.26.   Admitted.

4.27.   Admitted.

4.28.   Admitted.

4.29.   Denied.

4.30.   Admitted that Kevin Granillo is a civilian who viewed a portion of the interactions between the VPD officers and Mr. Abbe on 4/28/20. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.31.   Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 5
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.32.   Admitted.

4.33.   Admitted.

4.34.   Denied.

4.35.   The portion of this allegation before the comma is admitted, but the remainder is denied.

4.36.   Denied.

4.37.   Denied.

4.38.   Admitted that there is a video stored in evidence that has the filename "20200428_111523.mp4." Admitted that this video file is four minutes and 18 seconds long. Denied that video was taken by Mr. Granillo. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.39.   Admitted that at the moment the video entitled "20200428_111523.mp4" begins, Mr. Abbe is seen upright in a parking lot carrying weapons, and that three VPD officers are present. Admitted that two officers have their guns drawn at this moment. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.40.   Admitted that at the 14 second mark of video entitled "20200428_111523.mp4," five VPD officers are visible, as is Mr. Abbe, who was still carrying weapons. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.41.   Admitted that at the 32 second mark of video entitled "20200428_111523.mp4," Sgt. Alie is seen walking. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.42.   Admitted that, as reflected in the video, Sgt. Alie moved away from the other officers and began to speak to Mr. Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 6
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.43.   Denied.

4.44.   Admitted that at the 2 minute mark of video entitled "20200428_111523.mp4," Sgt. Alie is seen next to a C-TRAN van, and that he was continuing to observe and attempt to interact with Mr. Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.45.   Denied.

4.46.   Admitted that at the 2 minute, 45 second mark of video entitled "20200428_111523.mp4," Sgt. Alie and Mr. Abbe are seen exchanging words. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.47.   Denied.

4.48.   Admitted that Sgt. Alie drew his gun from his holster at approximately the 2 minute, 54 second mark of the video entitled "20200428_111523.mp4." To the extent this paragraph alleges anything further or anything different, such as that there was no probable cause to believe that William Abbe was presenting an imminent threat of serious bodily injury at the time, Defendants deny the same.

4.49.   Admitted that at approximately the 2 minute, 55 second mark of the video entitled "20200428_111523.mp4," Sgt. Alie aimed his gun at Mr. Abbe's chest. To the extent this paragraph alleges anything further or anything different, such as that there was no probable cause to believe that William Abbe was presenting an imminent threat of serious bodily injury at the time, Defendants deny the same.

4.50.   Admitted that one of the other officers had his gun pointed at Mr. Abbe at approximately the 2 minute, 55 second mark of the video entitled "20200428_111523.mp4." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 7
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.51.   Denied.

4.52.   Admitted that Sgt. Alie fired a single round and that the round hit Mr. Abbe's chest. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.53.   Admitted the first round fired by Sgt. Alie hit Mr. Abbe's chest. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.54.   This paragraph is denied as an inaccurate description of what is depicted on video.

4.55.   Admitted Sgt. Alie fired a second round at Mr. Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.56.   Admitted that after Sgt. Alie fired his second round, Mr. Abbe began the process of falling to the ground. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.57.   Admitted that Ofc. Suarez fired a round at Mr. Abbe, and that his round came a split-second after Sgt. Alie's second round. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.58.   Admitted that Ofc. Suarez fired a second round immediately after his first round. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.59.   Admitted that Ofc. Abdala fired one round a split-second after Ofc. Suarez's second round. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.60.   Admitted.

4.61.   Admitted that at least one of Sgt. Alie's rounds hit Mr. Abbe in the chest. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 8
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

3

4  4.62. Denied.

  4.63. Admitted.

  4.64. Denied.

  4.65. Admitted Abbe was alive at the moment officers approached him after the shooting. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

  4.66. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

  4.67. Admitted Abbe was handcuffed. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

  4.68. Denied.

  4.69. Denied.

  4.70. Admitted Stephanie Nelson was a witness to some of the events on April 28, 2020. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

  4.71. Admitted that Ms. Nelson told detectives that she was not able to hear anything Abbe was saying to the police. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

  4.72. Denied as an accurate recitation of what Ms. Nelson told the detectives. Ms. Nelson told the detectives that Abbe never calmed down or listened to officers, that Abbe was holding what she believed to be two metal pipes, that she saw Abbe throw a rock at the officers, and that the police unsuccessfully attempted to tase Abbe, that Abbe turned to "target" Sgt. Alie, that Abbe then advanced on Sgt. Alie before Ms. Nelson heard two gunshots, that from her position it then appeared as if Abbe turned and started to approach another officer who then fired

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 9
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

his weapon, and that from her position she believed Abbe was going to attack the second officer. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.73.   Denied as an accurate recitation of what Ms. Nelson told the detectives. Ms. Nelson told the detectives that Abbe never calmed down or listened to officers, that Abbe was holding what she believed to be two metal pipes, that she saw Abbe throw a rock at the officers, and that the police unsuccessfully attempted to tase Abbe, that Abbe turned to "target" Sgt. Alie, that Abbe then advanced on Sgt. Alie before Ms. Nelson heard two gunshots, that from her position it then appeared as if Abbe turned and started to approach another officer who then fired his weapon, and that from her position she believed Abbe was going to attack the second officer. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.74.   Denied as an accurate recitation of what Ms. Nelson told the detectives. Ms. Nelson told the detectives that Abbe never calmed down or listened to officers, that Abbe was holding what she believed to be two metal pipes, that she saw Abbe throw a rock at the officers, and that the police unsuccessfully attempted to tase Abbe, that Abbe turned to "target" Sgt. Alie, that Abbe then advanced on Sgt. Alie before Ms. Nelson heard two gunshots, that from her position it then appeared as if Abbe turned and started to approach another officer who then fired his weapon, and that from her position she believed Abbe was going to attack the second officer. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.75.   Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 10
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.76. If the term "body armor" was intended to mean a ballistic vest capable of providing some protection against gunfire, admitted. To the extent the term meant anything else, denied.

4.77. Admitted Sgt. Alie was the highest ranking member of the police department on scene prior to the shooting. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.78. Admitted.

4.79. Admitted.

4.80. Admitted.

4.81. Admitted.

4.82. Admitted.

4.83. Denied as written.

4.84. Denied as written.

4.85. Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.86. Admitted Sgt. Alie had a shotgun in his vehicle. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.87. Denied.

4.88. Denied.

4.89. Admitted the shotgun is equipped with a red dot sight. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.90. Admitted.

4.91. Admitted Sgt. Alie had a shield in his vehicle. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 11
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4.92.   Admitted.

4.93.   Admitted.

4.94.   Admitted.

4.95.   Admitted that attorney Michael Staropoli was present during the interview. The word "assisted" is denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.96.   Denied that Sgt. Alie "chose to engage Mr. Abbe." Admitted that Sgt. Alie and/or other officers requested assistance from officers capable of using less lethal force, who did not arrive prior to the shooting. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.97.   Denied that Sgt. Alie "chose to engage Mr. Abbe." Admitted that Sgt. Alie and/or other officers requested assistance from officers capable of using less lethal force, who did not arrive prior to the shooting. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.98.   Admitted that Sgt. Alie told Detective Nieman, in one part of the interview that Plaintiff has taken out of context, "And I look at this and I realize okay this is not somebody we're gonna go hands on with in any way. Not - not while he has those in his hands. And I actually take my - I had both gloves on. I take one glove off 'cause I don't wanna have a glove on my gun hand in case I need to use it." Plaintiff's attempted paraphrasing of Sgt. Alie's statement is denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.99.   Denied.

4.100.  Admitted that Sgt. Alie told Detective Nieman, in one part of the interview that Plaintiff has taken out of context, "I'm really hopin' that I can just kinda keep this thing contained

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 12
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

and settled down, you know, rope-a-dope him conversationally until the 40 gets here our next reasonable option in - in the use of force. And he just keeps comin'. And, uh, he gets to a point where he's so close that we're in the engagement distance. I very deliberately pull my gun out slowly so he can see what's happening." Plaintiff's attempted paraphrasing of Sgt. Alie's statement is denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.101.  Admitted that the quote in Paragraph 4.101 is an excerpt from one part of Sgt. Alie's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.102.  Admitted that Sgt. Alie fired at least one round at Mr. Abbe, and that he testified to this fact in his interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.103.  Plaintiff's attempt to paraphrase Sgt. Alie's statement is denied. Sgt. Alie said: "I fired at him aiming you know high chest as we train. As I'm looking down the barrel at him I see him react very similarly to the way he reacted to the Taser. He - he - you could tell was some effect but there was no immediate, uh, it didn't stop him, didn't slow him down." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.104.  Plaintiff's attempt to paraphrase Sgt. Alie's statement is denied. Sgt. Alie said: "I fired at him aiming you know high chest as we train. As I'm looking down the barrel at him I see him react very similarly to the way he reacted to the Taser. He - he - you could tell was some effect but there was no immediate, uh, it didn't stop him, didn't slow him down." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 13
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.105.  Admitted that the quote in Paragraph 4.105 is an excerpt from one part of Sgt. Alie's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.106.  Admitted.

4.107.  Admitted.

4.108.  Admitted that at one point in the interview with Det. Nieman, Sgt. Alie stated that he observed Abbe had sustained gunshot wounds. To the extent this paragraph is intended to suggest this statement occurred simultaneously or immediately after the statement about firing his weapon, Defendants deny the same. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.109.  Denied.

4.110.  Admitted the quoted language is part of one question asked by Det. Nieman and part of the answer given by Sgt. Alie. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.111.  Admitted the quoted language is part of one question asked by Det. Nieman and part of the answer given by Sgt. Alie. Plaintiff omits the portion of Sgt. Alie's response where he said, "it was a very deliberate, um, advance," and that Abbe told Alie in that moment, "'I'm going to kill you.'" To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.112.  Admitted Sgt. Alie did not request the presence of a lieutenant or commander during the incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.113.  Denied as written. Admitted Sgt. Alie told the Professional Standards Unit the topic of the investigation being pending came up in passing, but also that neither Sgt. Alie, nor

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 14
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

Ofc. Suarez, nor Ofc. Abdala discussed the details of the investigation with anyone other than who was authorized by policy. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.114.  Admitted.

4.115.  Admitted.

4.116.  Admitted that Sgt. Alie never personally told Abbe he was under arrest. Denied that no officer told Abbe he was under arrest. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.117.  Denied.

4.118.  Denied.

4.119.  Admitted.

4.120.  If the term "body armor" was intended to mean a ballistic vest capable of providing some protection against gunfire, admitted. To the extent the term meant anything else, denied.

4.121.  Admitted.

4.122.  Admitted.

4.123.  The firearm carried by Ofc. Suarez was a Springfield Armory TRP Operator 1911-style pistol. To the extent paragraph 4.123 is consistent with this fact, admitted. To the extent otherwise, denied.

4.124.  Admitted.

4.125.  Admitted.

4.126.  The quotation in this paragraph is taken from the computer-aided dispatch report prepared by the Clark Regional Emergency Services Agency. Admitted that this entry is what

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

the dispatch operator wrote down in response to what Ofc. Suarez said over the air. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.127.  Admitted.

4.128.  Denied.

4.129.  Admitted that Ofc. Suarez's two rounds occurred subsequent to the two rounds fired by Sgt. Alie. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.130.  Admitted.

4.131.  Admitted that attorney Nicole Robbins was present during the interview. The word "assisted" is denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.132.  Admitted Ofc. Suarez observed Sgt. Alie fire one round at Mr. Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.133.  Admitted.

4.134.  Admitted that the quote in Paragraph 4.134 is an excerpt from one part of Ofc. Suarez's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.135.  Admitted that the quote in Paragraph 4.135 is an excerpt from one part of Ofc. Suarez's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.136.  Denied.

4.137.  Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 16
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.138.  Admitted that the quote in Paragraph 4.138 is an excerpt from one part of Ofc. Suarez's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.139.  Admitted.

4.140.  Admitted that the quote in Paragraph 4.140 is an excerpt from one part of Ofc. Suarez's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.141.  Admitted.

4.142.  Denied.

4.143.  Admitted.

4.144.  Admitted.

4.145.  If the term "body armor" was intended to mean a ballistic vest capable of providing some protection against gunfire, admitted. To the extent the term meant anything else, denied.

4.146.  Admitted.

4.147.  Admitted.

4.148.  Admitted.

4.149.  Denied as written.

4.150.  To the extent this paragraph is construed to allege that Ofc. Abdala's duty pistol was equipped with a holographic sight, admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.151.  Admitted.

4.152.  Admitted.

4.153.  Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 17
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.154.  Admitted.

4.155.  Admitted that in his capacity as a Neighborhood Patrol Officer, Officer Abdala would typically handle issues other than patrol calls. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.156.  Admitted that Ofc. Abdala had not seen Mr. Abbe before April 28, 2020. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.157.  Admitted.

4.158.  Admitted.

4.159.  Denied.

4.160.  Denied.

4.161.  Admitted there was a vehicle positioned between Ofc. Abdala and Mr. Abbe at the moment Ofc. Abdala fired one round. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.162.  Denied.

4.163.  Admitted.

4.164.  Admitted that attorney Steve Myers was present during the interview. The word "assisted" is denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.165.  Admitted that the quote in Paragraph 4.165 is an excerpt from one part of Ofc. Abdala's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.166.  Admitted that the quote in Paragraph 4.166 is an excerpt from one part of Ofc. Abdala's interview with Det. Nieman. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 18
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.167.  Admitted that the quote in Paragraph 4.167 is an excerpt from one part of Ofc. Suarez's interview with the Professional Standards Unit. The remainder of his answer makes clear that de-escalation tactics were used by other officers on scene, which means Plaintiff's attempt to distort Ofc. Suarez's answer to the contrary is disingenuous and untrue. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.168.  This paragraph is identical to Paragraph 4.156 and therefore redundant. Admitted that Ofc. Abdala had not seen Mr. Abbe before April 28, 2020. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.169.  Admitted Ofc. Abdala did not personally render first aid. This paragraph is meant to infer that no Vancouver Police officer rendered first aid, an allegation which is patently false and denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.170.  Admitted Ofc. DeGraw was present on scene during the incident at issue in this litigation. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.171.  Admitted Ofc. DeGraw was present on scene during the incident at issue in this litigation. To the extent this paragraph alleges anything further or anything different, such that Ofc. DeGraw was the first officer on scene, Defendants deny the same.

4.172.  Admitted.

4.173.  Admitted.

4.174.  Denied.

4.175.  To the extent this paragraph alleges that Ofc. DeGraw could not recall whether there was an odor of alcohol coming from Mr. Abbe while Ofc. DeGraw was providing medical

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 19
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

aid after the shooting, admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.176.  Denied.

4.177.  Denied.

4.178.  Admitted Ofc. DeGraw was attempting to communicate with Steven Moffa when Mr. Abbe threw a large rock at officers in an attempt to injure them. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.179.  Admitted the word "stable" was used in Ofc. DeGraw's interview with detectives, but this allegation takes that word out of context. As such, denied.

4.180.  Admitted.

4.181.  Denied.

4.182.  Admitted that Steven Moffa told Det. Shields that he a group of Islander teenagers attempted to rob him at a park. To the extent this paragraph suggests in any way that Mr. Abbe did not assault Mr. Moffa while Mr. Moffa was at a sidewalk and nowhere near a park, denied.

4.183.  Admitted that Mr. Moffa told Det. Shields that a teenager had hit him over the head with re-bar. To the extent this paragraph suggests in any way that Mr. Abbe did not assault Mr. Moffa while Mr. Moffa was at a sidewalk and nowhere near a park, denied.

4.184.  Admitted Ofc. DeFebbo was present on scene during the incident at issue in this litigation. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.185.  Admitted.

4.186.  The quotation in this paragraph is taken from the computer-aided dispatch report prepared by the Clark Regional Emergency Services Agency. Admitted that this entry is what

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 20
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

the dispatch operator wrote down in response to what Ofc. DeFebbo said over the air. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.187.  The quotation in this paragraph is taken from the computer-aided dispatch report prepared by the Clark Regional Emergency Services Agency. Admitted that this entry is what the dispatch operator wrote down in response to what an officer said over the air. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.188.  The quotation in this paragraph is taken from the computer-aided dispatch report prepared by the Clark Regional Emergency Services Agency. Admitted that this entry is what the dispatch operator wrote down in response to what Ofc. DeFebbo said over the air. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.189.  Admitted.

4.190.  Denied.

4.191.  Denied.

4.192.  Admitted.

4.193.  Admitted that at the earlier incident, an officer had attempted contact with Mr. Abbe before Ofc. DeFebbo arrived. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.194.  To the extent this paragraph is referring to the earlier incident, admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.195.  Admitted that at the earlier incident, Ofc. DeFebbo told Mr. Abbe "Police you need to stop stop right now." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.196.  Admitted that at the earlier incident, Mr. Abbe refused to comply with Ofc. DeFebbo's commands. Plaintiff's characterization of Mr. Abbe's choice of words is denied. To

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.197.  Admitted that at the earlier incident, Mr. Abbe refused to comply with Ofc. DeFebbo's repeated commands. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.198.  Admitted the officers terminated contact at the earlier incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.199.  Admitted that Ofc. Ken Suvada was dispatched to the scene at 11:15 a.m. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.200.  Admitted that Ofc. Suvada announced over the air that he was en route after being dispatched. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.201. To the extent "involved" means providing medical aid after the shooting, admitted. Otherwise denied.

4.202.  Admitted.

4.203.  Admitted.

4.204.  Admitted.

4.205.  Denied.

4.206.  Admitted.

4.207.  Admitted that Ofc. Epperson responded to the incident and that the use of K9s can potentially mitigate different uses of force. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.208.  Admitted that the use of K9s can be successful in gaining compliance. Denied that such compliance is universal, or that the use of K9 would have yielded a different result in this

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 22
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.209.  Admitted.

4.210.  To the extent this paragraph alleges that Ofc. Epperson could not see Mr. Abbe's hands at all at the precise moment he arrived, admitted. To the extent this paragraph alleges Mr. Abbe did not hold lethal weapons in his hands at the time of the shooting, denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.211.  Admitted.

4.212.  This paragraph is redundant to Paragraph 4.212. That response is incorporated by reference.

4.213.  Admitted Ofc. Epperson responded "Yeah" to a follow up question that stated, "Okay, and when you say, 'breaths' you – do you mean, like - like, agonal breathing, like…" To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.214.  Admitted Ofc. Olson was present on scene during the incident at issue in this litigation. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.215.  Admitted.

4.216.  Admitted that the quote in Paragraph 4.216 is an excerpt from one part of Ofc. Olson's interview. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.217.  Denied.

4.218.  Admitted Ofc. Douville arrived after the shots were fired.

4.219.  Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 23
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.220.  Admitted.

4.221.  Admitted.

4.222.  Admitted.

4.223.  Admitted.

4.224.  Admitted.

4.225.  Admitted Ofc. Nicholson was present on scene during the incident at issue in this litigation. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.226.  Admitted.

4.227.  Admitted.

4.228.  Admitted.

4.229.  Admitted Ofc. Nicholson did not fire his weapon. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.230.  Denied.

4.231.  Admitted.

4.232.  Denied.

4.233.  Admitted Ofc. Nicholson stated during his interview his belief that the second round hit Mr. Abbe in the back. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.234.  To the extent this paragraph alleges that Mr. Abbe's approximate time of death was declared by a physician at the hospital to be 11:49 a.m., admitted. Otherwise denied.

4.235.  Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.236.  Admitted.

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4.237.  Defendants are without sufficient information to form a belief as to the truth or falsity of this allegation and therefore deny the same.

4.238.  Admitted.

4.239.  Admitted.

In answer to paragraphs 4.240-4.250, Defendants note that Plaintiff and her attorney are in possession of Dr. Quinn's autopsy report. The majority of the allegations in these paragraphs misconstrue or distort Dr. Quinn's findings. For example, Dr. Quinn did not conclude that more than three bullets hit Mr. Abbe. The report speaks for itself. To the extent paragraphs 4.240-4.250 say anything other than what is a verbatim replication of what is in the autopsy report, they are denied.

4.251.  Admitted.

4.252.  Admitted.

4.253.  Admitted that the bullet found in Mr. Abbe's left hip was .45 caliber bullet that was not deformed. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.254.  Admitted.

4.255.  Admitted Detective Swenson located a bullet inside Mr. Abbe's leather jacket and that the bullet was 9mm. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.256.  Admitted.

4.257.  Admitted that Dr. Quinn noted abrasions on Mr. Abbe's forehead. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 25
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.258.  Admitted Sgt. Alie's, Ofc. Suarez's, and Ofc. Abdala's duty pistols were taken as evidence. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.259.  Admitted.

4.260.  Admitted.

4.261.  Admitted.

4.262.  Admitted.

4.263.  Admitted.

4.264.  Admitted in part. Admitted the WSP Crime Lab concluded Item 49 could not be identified or eliminated as having been fired from Ofc. Abdala's pistol, but the Lab also concluded Item 49 was determined to exhibit the same class characteristics as the test fires from Ofc. Abdala's pistol. To the extent paragraph 4.264 is consistent with the foregoing, admitted. To the extent otherwise, denied.

4.265.  Admitted.

4.266.  Admitted.

4.267.  Admitted.

4.268.  Admitted.

4.269.  Admitted.

4.270.  Denied.

4.271.  Denied.

4.272.  Denied.

4.273.  Admitted that the officers had received a substantial amount of training, including de-escalation tactics. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 26
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.274. Denied.

4.275. Denied.

4.276. Admitted no other officer fired any bullets at Mr. Abbe. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.277. Denied.

4.278. Denied.

4.279.  Denied.

4.280. Denied.

4.281. Denied.

4.282. Denied.

4.283. Denied.

4.284. Denied.

4.285. Denied.

4.286. Denied.

4.287. Denied.

4.288. Denied.

4.289. Denied.

4.290. Denied.

4.291. Denied.

4.292. Denied.

4.293. Denied.

4.294. Denied.

4.295. Denied.

4.296. Denied.

4.297.  The quoted language is taken out of context from an eight-page document that constitutes VPD Policy 463, Crisis Intervention Incidents. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.298.  Denied.

4.299.  The quoted language does not appear anywhere in the eight-page document that constitutes VPD Policy 463, Crisis Intervention Incidents. As such, denied.

4.300.  Admitted to the extent the language is an accurate paraphrasing of Section 463.4 of the VPD Policy Manual. Denied that this is a full and complete summary of the policy. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.301.  Admitted to the extent the language is an accurate paraphrasing of Section 463.4 of the VPD Policy Manual. Denied that this is a full and complete summary of the policy. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.302.  Denied.

4.303.  Denied.

4.304.  Denied.

4.305.  Denied.

4.306.  Denied.

4.307.  Denied.

4.308.  Admitted that Sgt. Alie, Ofc. Suarez, and Ofc. Abdala were assigned Guild Representatives. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.309.  Admitted James McElvain has been the Chief of Police for the City of Vancouver since before April 28, 2020. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 28
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.310.  Denied.

4.311.  The number of sworn officers is not accurate. Otherwise admitted.

4.312.  Admitted.

4.313.  Admitted.

4.314.  Admitted the quoted language is a portion of the statement Chief McElvain released. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.315.  Denied.

4.316.  Denied. The role of nonlaw enforcement individuals is specified in WAC 139-12-030, and that role does not include carrying out the investigation.

4.317.  Admitted.

4.318.  Denied the City of Vancouver or any of its employees had any role in how the Southwest Washington Independent Investigative Team was comprised for this incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.319.  Denied the City of Vancouver or any of its employees had any role in how the Southwest Washington Independent Investigative Team was comprised for this incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.320.  Denied the City of Vancouver or any of its employees had any role in how the Southwest Washington Independent Investigative Team was comprised for this incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.321.  This allegation is a characterization of a statute and/or regulation and therefore requires no response. To the extent any response is required, Defendants deny any wrongdoing.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 29
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.322. Denied the City of Vancouver or any of its employees had any role in how the Southwest Washington Independent Investigative Team was comprised for this incident. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.323. Admitted the City of Vancouver conducted an investigation through its Professional Standards Unit (internal affairs). To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.324. Admitted the identification number assigned to PSU's investigation was IAC 2020-0047. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.325. Denied.

4.326. Denied.

4.327. Denied.

4.328. Admitted Chief McElvain made minor edits to the IA Summary, none of which affected the substance of the summary. Denied he participated in the investigation or influenced the findings in any way. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.329. Admitted Chief McElvain made minor edits to the IA Summary, none of which affected the substance of the summary. Denied he participated in the investigation or influenced the findings in any way. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.330. Denied.

4.331. Denied.

4.332. Admitted Chief McElvain made minor edits to the IA Summary, none of which affected the substance of the summary. Denied he participated in the investigation or influenced

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 30
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

the findings in any way. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.333.  Admitted the quoted text is an excerpt from the email described in this paragraph. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.334.  Admitted.

4.335.  Admitted.

4.336.  Admitted.

4.337.  The acronym for VPOG is misspelled, but otherwise admitted.

4.338.  Admitted VPOG provides union representation for its members. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.339.  The acronym for VPOG is misspelled, but otherwise admitted.

4.340.  To the extent "10/7/202" was intended to mean "10/7/20" or "10/7/2020," admitted. Otherwise denied.

4.341.  Admitted the topic of the PSU investigation was discussed between the Assistant Chief of Police and the President of the Vancouver Police Officers' Guild. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.342.  Denied.

4.343.  Admitted the topic of IAC 2020-047 was discussed between the Chief and Assistant Chiefs. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.344.  Admitted Assistant Chief Mori sent an email at 4:20 p.m. on October 12, 2020, to Chief McElvain and the two other Assistant Chiefs referenced in this paragraph. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 31
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

3    4.345.  Admitted.

4    4.346.  Admitted.

5    4.347.  Admitted.

6    4.348.  To the extent this paragraph acknowledges Chief McElvain made a "quick

review" with minor "comments," admitted. Otherwise denied.

7    4.349.  Admitted.

8    4.350.  To the extent this paragraph is consistent with Chief McElvain's actual comment,

9    "Was it a fight? I'm not sure this accurately reflects what occurred based on other

documentation," admitted. Otherwise, denied.

10   4.351.  Admitted the final version of the Investigative Summary states, "Wishon was

11   already in the area for a separate call for service involving the two men when the disturbance

12   occurred." To the extent this paragraph alleges anything further or anything different, Defendants

13   deny the same.

14   4.352.  To the extent this paragraph alleges the comments sought to substantively

15   influence the investigation or findings in any way, denied. Admitted that there are five

16   "comments" by Chief McElvain on the rough draft of the document. To the extent this paragraph

17   alleges anything further or anything different, Defendants deny the same.

18   4.353.  Denied.

19   4.354.  Admitted Chief McElvain's tracked changes document was ultimately routed to

20   Sgt. Krebs. To the extent this paragraph alleges anything further or anything different,

21   Defendants deny the same.

22   4.355.  Denied.

23   4.356.  Denied.

24   4.357.  Denied.

25

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 32
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

4.358. Denied.

4.359. Denied.

4.360. Denied.

4.361. Denied.

4.362. Admitted.

4.363. Admitted.

4.364. Admitted.

4.365. Admitted.

4.366. Admitted.

4.367. To the extent this paragraph alleges the investigative summary did not identify the pathway of any bullet fired, admitted. If this paragraph was meant to allege that a specific shot was deliberately excluded, denied. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.368. Denied.

4.369. Denied.

4.370. Denied.

4.371. The allegations in this paragraph call for a conclusion of law which are referred to the Court and therefore denied.

4.372. Denied.

4.373. Denied.

4.374. Admitted that Lt. Knotts made the decision to exonerate Sgt. Alie, Ofc. Suarez, and Ofc. Abdala of alleged policy violations. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.375. Admitted.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 33
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4.376.  Admitted.

4.377.  Admitted.

4.378.  Admitted in part. The phrase from the PERF report that Plaintiff is attempting to copy and paste reads: "PERF's review included a thorough analysis of VPD's use-of-force policies to determine whether they are aligned with progressive practices and national standards." To the extent this paragraph intended to omit the language from the above sentence, denied. Otherwise admitted.

4.379.  Admitted.

4.380.  Admitted.

4.381.  Admitted.

4.382.  Admitted that PERF recommended that the chief always be the final decisionmaker regarding the finding on officer-involved shootings. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.383.  This paragraph is an introduction to the subparagraphs that follow, and therefore requires no response here.

   4.383.1  Admitted.

   4.383.2  Admitted.

   4.383.3  Admitted.

   4.383.4  Admitted.

   4.383.5  Admitted.

   4.383.6  Admitted.

   4.383.7  Admitted.

   4.383.8  Admitted.

4.384.  Admitted.

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.385.  Admitted.

4.386.  Denied.

4.387.  This allegation calls for a conclusion of law which is referred to the Court and therefore denied.

4.388.  Admitted.

4.389.  Admitted.

4.390.  Denied.

4.391.  Admitted at the time of the PERF review, there existed a policy that addressed vascular neck restraints. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.392.  Admitted that the version of VPD Policy 300 in effect on April 28, 2020, authorized use of deadly force where an officer reasonably believed that there was an imminent risk of serious physical injury or death to any a person, consistent with the law. Defendants deny that the policy was confusing. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.393.  Denied.

4.394.  Denied.

4.395.  Admitted that the version of VPD Policy 300 in effect on April 28, 2020, stated in part an "officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the threat of the vehicle." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.396.  Admitted that the version of VPD Policy in effect on April 28, 2020 stated in part "Other than an incident in which an officer's interview shall be used as a substitute, any use of

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 35
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

force by a member of this Department shall be documented in the related police reports, depending on the nature of the incident." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.397.  Admitted that VPD Policy does not require a supervisor to be dispatched in all circumstances.  To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.398.  Admitted that VPD policy did not include a definition of "de-escalation." To the extent this paragraph alleges that VPD officers are not trained on de-escalation techniques and the meaning of the term "de-escalation," Defendants deny the same. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.399.  Admitted the quote in this paragraph of Plaintiff's Complaint appears in the PERF report as citing a policy from the Seattle Police Department. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.400.  Denied.

4.401.  Admitted the quote in this paragraph of Plaintiff's Complaint appears in the PERF report as citing a policy from the Camden County Police Department. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.402.  Denied.

4.403.  Denied.

4.404.  Admitted this was a finding of PERF, but Plaintiff omits the remainder of the finding that "there do not appear to be any policy or reporting changes that would account for an increase of this size." To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.405.  Admitted.

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

4.406.  To the extent "mental health indicators" means the five characteristics delineated on Page 59 of the PERF report, admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.407.  Admitted this was one of the findings in the PERF report. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.408.  This paragraph is identical to Paragraph 4.406. Defendants incorporate that admission and denial herein. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.409.  Admitted the graph pasted into this paragraph of Plaintiff's Complaint is one of several graphs and/or charts from the PERF report. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.410.  Admitted that the PERF report stated "of the subjects in serious force incidents, more than 50% were thought to have a mental illness as reported by officers, as compared to 27.3% of subjects in the overall use-of-force data."  To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.411.  To the extent Paragraph 4.411 alleges VPD officers were receiving inadequate training, it is denied.  To the extent Paragraph 4.411 alleges that law enforcement officers should, in general, receive mental health training, it is admitted. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.412.  Admitted that the Washington Attorney General issued Opinion No. 8 in 2014. The Attorney General Opinion speaks for itself. Plaintiff's characterization of that opinion is denied.

4.413.  Denied.

4.414.  Denied.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 37
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.415.  Admitted that on the date of submitting this Amended Answer, Chief McElvain has not mandated body cameras. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.416.  Admitted that on the date of submitting this Amended Answer, no officer at the Vancouver Police Department uses a body worn camera. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.417.  Denied.

4.418.  Denied.

4.419.  Admitted that on the date of submitting this Amended Answer, Chief McElvain has not mandated patrol vehicle cameras. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.420.  Denied.

4.421.  Admitted the quoted text is an excerpt from Eric Holmes' statement on the officer-involved shooting. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

4.422.  Admitted.

4.423.  Admitted.

5.1     Defendants incorporate by reference all paragraphs as if fully set forth herein.

5.2     Denied.

5.3     Denied.

5.4     Denied.

5.5     Denied.

5.6     Denied.

5.7     Denied.

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

6.1-6.8    The Court has dismissed Plaintiff's Second Cause of Action. (Dkt. 13.) No response is therefore required to Paragraphs 6.1-6.8.

3

4

7.1    Defendants incorporate by reference all paragraphs as if fully set forth herein.

7.2    Admitted.

5

7.3    Denied.

6

7

7.4    Admitted that James McElvain, a non-party, is employed by the City of Vancouver as its Police Chief. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

8

9

10

7.5    This allegation calls for a conclusion of law which is referred to the Court and therefore denied.

11

12

13

7.6    Admitted that Chief McElvain became aware Defendants Alie, Suarez, and Abdala used their firearms in the incident in which William Abbe was shot. To the extent this paragraph alleges anything further or anything different, Defendants deny the same.

14

15

7.7    Denied.

7.8    Denied.

16

17

7.9    The Court has dismissed Plaintiff's claims for punitive damages against Defendant City of Vancouver. (Dkt. 13.) Therefore, no response to this paragraph is required.

18

19

8.1    Defendants incorporate by reference all paragraphs as if fully set forth herein.

8.2    Admitted.

20

8.3    Denied.

21

22

23

In response to paragraphs 8.4-8.5, Defendants admit that the City of Vancouver has policies governing the use of deadly force. To the extent these paragraphs allege anything further or anything different, Defendants deny the same.

24

8.6    Denied.

25

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 39
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

8.7    The Court has dismissed Plaintiff's claims for punitive damages against Defendant City of Vancouver. (Dkt. 13.) Therefore, no response to this paragraph is required.

9.1    Defendants incorporate by reference all paragraphs as if fully set forth herein.

9.2    Admitted.

9.3    This allegation calls for a conclusion of law which is referred to the Court and therefore denied.

9.4    This allegation calls for a conclusion of law which is referred to the Court and therefore denied.

9.5    This allegation calls for a conclusion of law which is referred to the Court and therefore denied.

9.6    Denied.

9.7    Defendants admit that Alie, Suarez, and Abdala were acting within the course and scope of their employment on April 28, 2020. The remainder of this paragraph calls for a conclusion of law which is referred to the Court and therefore denied.

9.8    Denied.

9.9    Denied.

10.1   Defendants incorporate by reference all paragraphs as if fully set forth herein.

10.2   Denied.

10.3   Defendants admit that Alie, Suarez, and Abdala were acting within the course and scope of their employment on April 28, 2020. The remainder of this paragraph calls for a conclusion of law which is referred to the Court and therefore denied.

10.4   Denied.

11.1   Defendants incorporate by reference all paragraphs as if fully set forth herein.

11.2   Denied.

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 40
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

11.3    Denied.

In answer to paragraphs 12.1-13.3, Defendants admit that Defendants Alie, Suarez, and Abdala acted within the course and scope of their employment on April 28, 2020. To the extent these paragraphs allege anything further or anything different, Defendants deny the same.

In answer to 14.1-14.7, Defendants deny that Plaintiff is entitled to any relief.

As to any allegation to which Defendants have not yet responded, such allegations are specifically denied.

## AFFIRMATIVE DEFENSES

Having fully answered plaintiff's complaint, and without waiving any admissions, denials, or responses previously set forth, Defendants affirmatively allege as follows:

1.    Defendants Alie, Suarez, and Abdala are entitled to qualified immunity.

2.    At the time William Abbe's injury and death, he was engaged in the commission of a felony, the commission of which was a proximate cause of his injury and death, thus barring all state law causes of action pursuant to RCW 4.20.420.

3.    At the time of his injuries and death, William Abbe was under the influence of intoxicating liquor and/or drugs, thus reducing or barring recovery under RCW 5.40.060.

4.    Plaintiff's damages, if any, were caused in whole or in part by his own fault to reduce or bar recovery under contributory fault and/or assumption of risk principles.

5.    Defendants' actions were privileged as self-defense and/or defense of others, thus barring Plaintiff's state law claims for assault and battery.

6.    At the time William Abbe's injury and death, there was probable cause to believe William Abbe had committed a felony and/or was about to commit a felony.

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA  98668
Tel: (360) 487-8500 * Fax: (360) 487-8501

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint and asserted its affirmative defenses, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by her complaint and this action be dismissed with prejudice.

2.      That Defendants be awarded their costs and a reasonable attorneys' fees to the extent allowable by law.

3.      Any other relief the court deems just and equitable.

DATED on March 25, 2022.

CITY ATTORNEY'S OFFICE
VANCOUVER, WASHINGTON

By:_____/s/ Daniel G. Lloyd_____
    Daniel G. Lloyd, WSBA No. 34221
    Assistant City Attorney
    Attorney for Defendants
    PO Box 1995
    Vancouver, WA 98668-1995
    **Tel:** 360.487.8500; **Fax:** 360.487.8501
    dan.lloyd@cityofvancouver.us

CITY ATTORNEY'S OFFICE
VANCOUVER, WASHINGTON

By:_____/s/ Sara Baynard-Cooke_____
    Sara Baynard-Cooke, WSBA No. 35697
    Assistant City Attorney
    Attorney for Defendants
    PO Box 1995
    Vancouver, WA 98668-1995
    **Tel:** 360.487.8500; **Fax:** 360.487.8501
    sara.baynard-cooke@cityofvancouver.us

DEFS.' 1ST AM. ANSWER & AFF. DEFENSES - 42
(W.D. Wash. Cause No. 3:21-cv-05790-LK)

CITY ATTORNEY'S OFFICE
PO BOX 1995
VANCOUVER, WA 98668
Tel: (360) 487-8500 * Fax: (360) 487-8501